KNUD O. SOLLUND *vs.* A. E. JOHNSON.

## February 26, 1881.

**Evidence—Insolvency.**—Evidence *held* sufficient to sustain the verdict in this case as respects a question of insolvency.

**Fraud—Demand before Suit.**—The plaintiff held a certificate of deposit for $800, issued to him by a banking firm composed of defendant Johnson and one Johnsrud. The complaint alleges that, by the fraudulent contrivance of defendant, the plaintiff was induced to exchange the same for a certificate issued by Johnsrud alone, who was falsely and fraudulently represented by Johnson to be solvent and responsible, whereas, in fact, and to Johnson's knowledge, he was insolvent, irresponsible, and worthless, and ever since has been, and no part of the money has been paid, etc. *Held,* that if the jury found Johnsrud to be worthless and insolvent, and that Johnson had perpetrated the fraud charged, (as they might do upon the evidence,) a demand upon defendant or Johnsrud was not necessary to make out a cause of action in plaintiff against Johnson.

Appeal by defendant from an order of the district court for Freeborn county, refusing a new trial after a trial before *Farmer,* J., and a jury.

*Tyrer & Whytock,* for appellant.

*O. Mosness* and *W. H. Merrick,* for respondent.

BERRY, J. The plaintiff held a certificate of deposit for $800, issued to him by a banking firm composed of defendant and one Johnsrud. The complaint alleges that, by the fraudulent contrivance of the defendant, the plaintiff was induced to exchange the same for a certificate issued by

Johnsrud alone, who was falsely and fraudulently represented by the defendant to be solvent and responsible, whereas, in truth, and to the defendant's knowledge, he was then insolvent, irresponsible and worthless, and ever since has been, and that no part of the money deposited has been paid to plaintiff, though requested, etc. The damages claimed are the amount of the deposit and of the unpaid interest thereon. For this amount plaintiff had a verdict, and from an order denying a new trial defendant appeals. Two points are made by appellant here: *First*, that there is no evidence, or no sufficient evidence, of Johnsrud's insolvency at the time of the alleged representation. Upon a careful perusal of the settled case we have come to the conclusion that, though the evidence is rather meagre, and not of the most satisfactory or convincing character, still there is evidence having a reasonable tendency to make out the insolvency, and therefore to support the verdict in that respect.

The second point is that no demand upon Johnsrud or the defendant was shown. If Johnsrud was worthless and insolvent, and the defendant had perpetrated the fraud charged, (and upon the evidence the jury might have found both of these conditions true,) then a demand upon either Johnson or Johnsrud was wholly unnecessary. If, as alleged in the complaint and shown by the evidence, the defendant had induced the plaintiff to exchange a certificate presumably good for a worthless certificate, the case was one of fraud and damage, and the cause of action complete.

Order affirmed.